IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAWN MILLER, on behalf of himself and others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. _____ |
| PATHFINDER NAVIGATION, INC. | § § § | |
| Defendant. | § | |

**PLAINTIFF'S SWORN ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Shawn Miller ("Plaintiff" or "Miller"), on behalf of himself and others similarly situated, files this Sworn Original Collective Action Complaint against Pathfinder Navigation, Inc. ("Pathfinder" or "Defendant"), showing as follows:

**SUMMARY**

1. Pathfinder provides seismic surveying services to customers in the oil and gas industry. Pathfinder paid Miller and his similarly situated field-based coworkers a full or partial "day rate" based on the number of days and hours they worked, with no overtime pay as required by the Fair Labor Standards Act ("FLSA"). *See Samson v. Apollo Resources, Inc*., 242 F.3d 629, 633 (5th Cir. 2001) ("[t]he Fair Labor Standards Act generally requires that employees be paid an overtime premium of "time-and-one-half" for all hours worked in excess of forty hours in a week.") (citing 29 U.S.C. § 207(a)). Pathfinder's "day rate" with no overtime scheme violates the FLSA. *See Mumby v. Pure Energy Serv. (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011) (observing that a similar "day rate" scheme clearly violated the FLSA and entitled the plaintiffs to overtime pay and liquidated damages under the law).

2. Because Pathfinder failed and refused to comply with the FLSA, Miller brings this collective action case against Pathfinder to recover unpaid overtime wages due to him and his similarly situated former coworkers.

## THE PARTIES AND JURISDICTION

3. Plaintiff Shawn Miller is a natural person residing in the State of Montana. He was employed by Pathfinder between approximately March 8, 2011 and May 2012. Miller has standing to file this lawsuit. His notice of consent is attached as Exhibit 1.

4. The "Members of the Class" are all current and former field-based employees (field managers, surveyors, mappers, and cutters) who were employed by Pathfinder during the three-year period preceding the filing of this complaint who did not received overtime pay at the rate of one and one-half their regular rate when they worked more than forty hours in a workweek. Like the named Plaintiff, these persons were and are engaged in interstate commerce in performing their duties for Pathfinder. All of the "Members of the Class" are similarly situated to Plaintiff and to one another, within the meaning of section 216(b) of the FLSA.

5. The Defendant, Pathfinder, operates its business for profit in the United States of America, and has its American headquarters at 22503 Lain Road, Spring, Texas 77379-1803. Pathfinder may be served with process through its registered agent for service in the United States of America, C T Corporation System, 350 N. St. Paul, Suite 2900, Dallas, Texas 75201-4234.

6. Pathfinder engaged in commerce or the production of goods for commerce in 2009, 2010, 2011, and 2012. Pathfinder continues at this time to engage in commerce or the production of goods for commerce.

7. Pathfinder has annual revenues in excess of $500,000, and has had annual revenues in excess of $500,000 in all years from 2009 to present.

8.     The Court has personal jurisdiction over Pathfinder based on both general and specific jurisdiction.  During all times relevant to this lawsuit Pathfinder has continuously done business in the State of Texas, and it continues to do business in the State of Texas.

9.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction because Plaintiff bases his claims in this case on federal law, specifically the FLSA.

## FACTUAL BACKGROUND

10.    Pathfinder is a business that provides seismic surveying services through the United States of America for customers in the oil and gas industry.  Pathfinder's field-based employees – the "Members of the Class" – include the following job positions: (a) field managers; (b) surveyors; (c) mappers; and (d) cutters (collectively defined herein as "field-based employees").  Depending on the number of projects it has at any one time, Pathfinder employs approximately four field managers, and a total of between twenty and fifty or more surveyors, mappers, and cutters.

11.    Plaintiff worked for Pathfinder in various field-based positions between approximately March 2011 and May 2012.  He performed all his work in the United States of America.  He and the other Members of the Class regularly worked seven days a week, and averaged approximately twelve-hour work-days (sometimes less, sometimes more).  Accordingly, Plaintiff and the other Members of the Class regularly worked more than 40 hours in a workweek.  The surveyors, mappers, and cutters all report to field managers, and the field managers report to the survey manager, whose office is in Spring, Texas, at Pathfinder's American headquarters.  The survey manager is not a field-based employee, and is not included as a proposed Member of the Class.

12.    Under the FLSA, employers such as Pathfinder are generally required to pay non-salaried employees like Plaintiff and the Members of the Class time and one-half their regular

rate for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).  As the Fifth Circuit has stated:  "The Fair Labor Standards Act generally requires that employees be paid an overtime premium of "time-and-one-half" for all hours worked in excess of forty hours in a week." *Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 633 (5th Cir. 2001) (citing 29 U.S.C. § 207(a)).

13.     To be exempt from the FLSA's overtime pay requirement, as general rule (to which no exception applies in this case), an employee must, among other requirements, be paid on a "salary basis," meaning that he or she regularly receives a predetermined amount of pay each workweek that is not reduced because of variations in the quantity or quality of work during the workweek.  *See Layden v. HSL Builders, Inc.*, No. Civ.A. 01-2196, 2002 WL 1397455, at *4 (E.D. Pa. June 26, 2002) ("In order for an employer to be exempt from the FLSA's overtime requirements under either the executive, administrative or professional exemption, the employee must be paid on a salary basis.  *See* 29 C.F.R. §§ 541.117, 541.214, 541.311.").

14.     In this case, Pathfinder did not pay Plaintiff and the Members of the Class on a salary basis under the FLSA – *i.e.*, a regularly received predetermined amount of pay each workweek that was not reduced because of variations in the quantity or quality of work during the workweek.  *See* 29 C.F.R. § 541.602(a).

15.     Instead, for each "full day" (which Pathfinder generally considered to be approximately 12-hours) that Plaintiff and the Members of the Class worked, Pathfinder paid them a "day rate" – a specific lump sum of money.  And, on days in which rain or other conditions limited their ability to work what Pathfinder considered a "full day," Pathfinder would only pay Plaintiff and the Members of the Class a partial payment of the ordinary "day rate" amount, such as one-half or one-quarter of the ordinary "day rate."  If Pathfinder did not assign

work to Plaintiff and the Members of the Class for a day during a workweek, then Plaintiff and the Members of the Class received no pay at all for that day, even if they were ready, willing, and able to work that day.

16.     Accordingly, under Pathfinder's pay scheme, the pay Plaintiff and the Members of the Class received each workweek varied based on in the quantity of work they performed during the workweek.  As such, Plaintiff and the Members of the Class were not paid on a salary basis, and were not exempt from the FLSA's general overtime pay requirement.  *See* 29 C.F.R. § 541.602(a).  *See, e.g., Thomas v. County of Fairfax, Va*., 803 F. Supp. 1142, 1147-51 (E.D. Va. 1992) (because plaintiffs' pay varied based on number of shifts and hours worked in a pay period, they were not paid on a salary basis, and therefore were entitled to overtime pay under the FLSA); *Dole v. Walker and Armstrong*, 763 F. Supp. 1052, 1054 (D. Ariz. 1990) (because the plaintiffs' pay varied based on the number of hours they worked, they were not paid on a salary basis, and therefore were entitled to overtime pay under the FLSA).

17.     Thus, for every hour Plaintiff and the Members of the Class worked over 40 in a workweek, Pathfinder was required by the FLSA to pay them an additional overtime premium at the rate of one and one half their regular hourly rate.  Pathfinder, however, failed to do that – it did not pay Plaintiff and the Members of the Class any overtime premium at all for hours they worked over 40 in a workweek.

18.     Consequently, Pathfinder violated the FLSA rights of Plaintiff and the Members of the Class, and owes Plaintiff and the Members of the Class back-pay equal to the amount of unpaid overtime pay that Pathfinder should have paid them under the FLSA, an amount equal to one and one-half their regular rate of pay for every overtime hour of work.  *See Mumby*, 636

F.3d at 1268 (observing that similar "day rate" scheme clearly violated the FLSA and entitled the plaintiffs to overtime pay and liquidated damages under the law).

19. On a side note, when Pathfinder paid Plaintiff, its paystubs reflected that he was paid a "rate" of $200.00, $220.00, or $230.00 for each of the "hours" he worked. In reality, the rates of $200.00, $220.00, or $230.00 were the "day rates" Pathfinder paid Plaintiff. Pathfinder's own paystubs reflect that, as alleged above, Plaintiff was not paid a full "day rate" when rain or other conditions limited their ability to work what Pathfinder considered a "full day."

20. All conditions precedent, if any, to this suit, have been fulfilled.

### FLSA CLAIMS FOR OVERTIME PAY FOR PLAINTIFF, AND A CLASS OF SIMILARLY SITUATED WORKERS

21. Plaintiff incorporates the preceding paragraphs of this Complaint as set forth verbatim.

22. At all material times, Plaintiff and the Members of the Class were employees under the FLSA. 29 U.S.C. § 203(e).

23. At all material times, Pathfinder was and is a covered employer under the FLSA. 29 U.S.C. § 203(d).

24. At all material times, Plaintiff and the Members of the Class routinely worked in excess of 40 hours per seven-day workweek, and Pathfinder knew that.

25. At all material times, under the FLSA, Plaintiff and the Members of the Class were and are entitled to overtime compensation for hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(a)(1).

26. At all material times, Defendant failed to pay Plaintiff and the Members of the Class overtime compensation of one and one-half their regular hour rate of pay for hours worked over 40 in a seven-day workweek. Rather, at all material times, as explained above, Defendant

only paid Plaintiff and the Members of the Class a full or partial "day rate" with no overtime pay under the FLSA.  As such, Plaintiff and the Members of the Class are entitled to back-pay for all unpaid overtime at the rate of one and one-half times their regular hourly rate, as required by the FLSA.

27. In addition, Pathfinder owes Plaintiff and the Members of the Class an equal amount in liquidated damages.  This is so because, under the FLSA, an employer such as Pathfinder who violates the law's overtime provisions is liable not only for the unpaid overtime compensation due to the employee, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  While an employer may try to avoid liquidated damages by showing its FLSA violation was in "good faith," that standard is extremely difficult to satisfy, and Pathfinder clearly cannot satisfy it in this case.  As the Fifth Circuit has put it, "[a]n employer 'faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA.'" *Singer v. City of Waco*, 324 F.3d 813, 823 (5th Cir. 2003) (quoting *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998)).

28. For example, in *Bolick v. Mgmt. by Skylane, LLC*, the court considered whether the defendant had produced sufficient evidence to support a § 260 good faith defense. Civ. A. No. H-07-2261, 2008 WL 4589961 (S.D. Tex. Oct. 14, 2008) (Smith, J.).  The defendant produced evidence that an executive was not aware of FLSA requirements, sought legal counsel when it created payroll policies, and "always clearly notified its exempt employees that they were paid a specified weekly wage for all hours worked in each workweek, regardless of the number of hours worked." *Id*. at *1.  The executive also testified that the defendant "has always endeavored to comply with the terms of all applicable state and federal laws, including the [FLSA]." *Id*.  The court still found that the defendant had failed to produce sufficient evidence to

withstand summary judgment because there was "no evidence of any specific ongoing efforts by defendant to comply with the FLSA." *Id*.

29.     Pathfinder has no evidence remotely as strong as the employer in *Bolick* that its violation of the FLSA's basic "time and one-half" overtime rule was in "good faith." The fact is that the rule Pathfinder violated is so basic that it could not have been in "good faith." Pathfinder simply did not and has not made a good faith reasonable effort to comply with the requirements of the FLSA.  *See* 29 U.S.C. § 260.

30.     Pathfinder's violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a).  *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).

31.     Where, as here, "the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis."  *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007).

32.     Accordingly, Plaintiff seeks to represent a class under 29 U.S.C. § 216(b) on behalf of:

> "are all current and former field-based employees (field managers, surveyors, mappers, and cutters) who were employed by Pathfinder during the three-year period preceding the filing of this complaint who did not received overtime pay at the rate of one and one-half their regular rate when they worked more than forty hours in a workweek."

## JURY DEMAND

33.     Plaintiff demands a jury trial.

## DAMAGES AND PRAYER

Plaintiff asks that the Court issue citation for Defendant Pathfinder to appear and answer, and that Plaintiff and the Members of the Class be awarded a judgment against Defendant Pathfinder for the following:

      a.      Actual damages in the amount of unpaid overtime wages;

      b.      Liquidated damages under the FLSA;

      c.      Prejudgment and postjudgment interest;

      d.      Court costs;

      e.      Reasonable attorneys' fees; and

      f.      All other relief to which Plaintiff and the Members of the Class are justly entitled.

Respectfully submitted,

OBERTI SULLIVAN LLP

By: s/ Mark J. Oberti
Mark J. Oberti
State Bar No. 00789951
S.D. Texas ID No. 17918
723 Main Street, Suite 340
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
mark@osattorneys.com – Email

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

Edwin Sullivan
State Bar No. 24003024
S.D. Texas ID No. 24524
OBERTI SULLIVAN LLP
723 Main Street, Suite 340
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
ed@osattorneys.com – Email

ATTORNEYS FOR PLAINTIFF

## DECLARATION OF SHAWN MILLER

My name is Shawn Miller and I declare under penalty of perjury under the laws of the United States of America and the State of Montana as follows:

2. I am over the age of 18 and the statements in this Declaration are true and correct of my own personal knowledge and I am competent to testify concerning them.

3. I am the named Plaintiff in the attached Plaintiff's Sworn Original Collective Action Complaint against Pathfinder Navigation, Inc. brought under the Fair Labor Standards Act.

4. I declare under penalty of perjury under the laws of the United States of America and the State of Montana that the factual assertions set forth under the heading "Factual Background" in Plaintiff's Sworn Original Collective Action Complaint against Pathfinder Navigation Inc. are all true and correct.

5. My notice of consent is attached to Plaintiff's Sworn Original Collective Action Complaint as Exhibit 1.

6. I believe that if other former and current field-based workers for Pathfinder Navigation, Inc. knew about this lawsuit, they would want to join it, so long as they were assured that they would not be retaliated against or blackballed in the industry. Like me, they too did not received overtime pay under the Fair Labor Standards Act when they worked more than forty hours in a workweek, but instead were paid as described in Plaintiff's Sworn Original Collective Action Complaint.

EXECUTED this 20th day of August, 2012, in the City of Dillon and the State of Montana.

_____
SHAWN MILLER