IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAWN MILLER, on behalf of himself and others similarly situated, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:12-CV-02542 |
| PATHFINDER NAVIGATION, INC. | § § § | |
| *Defendant*. | § § | |

## DEFENDANT'S SUR-REPLY TO PLAINTIFF'S REPLY TO HIS MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION AND TO ISSUE NOTICE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Pathfinder Navigation, Inc. ("Pathfinder") files this Sur-Reply to Plaintiff's Reply to his Motion to Conditionally Certify a Collective Action and to Issue Notice, and respectfully shows as follows:

### I.   ARGUMENT AND ANALYSIS

**A.   Plaintiff has Failed to Establish he is Similarly Situated to the Putative Class**

1.   Plaintiff seeks to include four positions in his conditional class certification: a) field managers; b) surveyors (GPS pack operators); c) mappers and d) cutters. Plaintiff has failed to meet his burden in establishing the sufficient factual prerequisite that all four positions on all Pathfinder projects over the last three years are similarly situated, which consequently must result in the denial of conditional certification of a collective action. *See e.g. Morales v. Thang Hung Corp.*, 2009 WL 2524601 (S.D. Tex. 2009) (Miller, J.).

2. In Plaintiff's Reply to Defendant's Response to his Motion to Conditionally Certify a Collective Action and to Issue Notice ("Reply") [Dkt. #14], Plaintiff states that he need not establish that the job duties of these positions are similar, nor does he even attempt to do so, arguing that such a showing is only required in cases where employees were allegedly misclassified as exempt. Plaintiff is incorrect. For example, in *Dorsey v. J&V Communications Servs., Inc.*, 2004 WL 5621864, *1 (S.D. Tex. 2004), the court refused to grant conditional certification for workers that installed and maintained highway traffic devices. *Dorsey* was not a misclassification case; instead the plaintiff alleged that he and all other hourly employees "'routinely worked in excess of 40 hours per week,' and that he 'was rarely paid overtime' for these excess hours." *Id*. Despite the fact that three additional employees opted into the lawsuit, the court found that the plaintiff failed to establish that he was similarly situated to workers employed in different cities and other job types. *Id*. at *2-3. *See also Simmons v. T-Mobile USA, Inc.*, 2007 WL 210008, *5-6 (S.D. Tex. 2007) (refusing to grant conditional certification in "off the clock" case where plaintiff was unable to show he was similarly situated to other employees even with same job title, where duties and hours necessary to complete the work varied by store location.)

3. Similarly, here Plaintiff has only alleged that he and other field-based workers were paid a day rate and not compensated for overtime, but Plaintiff has set forth no facts showing how the employees in different positions and working on different projects were similarly situated. Likewise, Plaintiff does not dispute Defendant's affidavit stating that "each position is distinct, and even within positions, job duties vary between projects" and hours vary significantly. Affidavit of Diane Clift, Exhibit 1 [Dkt. #10].

### B. Plaintiff has Failed to Establish that Similarly Situated Persons Want to Opt-in the Lawsuit

4.  Apparently realizing that he had not met his burden in establishing that similarly situated individuals want to opt-in the lawsuit, Plaintiff recently filed two additional consents: one from a former mapper and one form a former cutter. [Dkt. #13]. However, *glaringly absent is a single consent from a field manager supervisor,* such as Plaintiff. This omission is especially significant given that Plaintiff has already contacted approximately 15-20 Pathfinder employees, a contention which he also does not deny in his Reply. Therefore, despite the fact that Plaintiff may now have consents from a mapper and cutter as well as two surveyors, Plaintiff has made no showing that these positions are similarly situated, and still has no evidence that any supervisors desire to opt-in.

## II. CONCLUSION

4.  For these reasons and those set forth in Defendant's Response in Opposition to Plaintiff's Motion to Conditionally Certify a Collective Action and to Issue Notice, Defendant respectfully requests that the Court deny Plaintiff's motion, and that the Court grant Defendant such other relief to which it is entitled.

Respectfully submitted,

_____
Matthew Mussalli
Texas State Bar No. 24005220
Federal ID No. 22741
Law Office of Matthew J. Mussalli, P.C.
2441 High Timbers Drive, Suite 220
The Woodlands, Texas 778380
Telephone: (832) 631-6021
Facsimile:  (832) 218-1171

OF COUNSEL:

Ian Scharfman
Texas State Bar No. 00788360
Federal ID No. 16823
The Scharfman Law Firm, PLLC
3120 Southwest Freeway, Suite 450
Houston, Texas 77098
(713) 255-2267 (Tel)
(713) 255-2270 (Fax)

COUNSEL FOR PATHFINDER NAVIGATION, INC.
J.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been forwarded to the following counsel of record by e-filing in compliance with the applicable Federal Rules of Civil Procedure, on the 22nd day of October, 2012:

Mark J. Oberti
Oberti Sullivan LLP
732 Main Street, Suite 340
Houston, Texas  77002

_____
Matthew J. Mussalli